990 A.2d 678 (2010)
412 N.J. Super. 316
ESTATE OF Frank J. EHRINGER, Plaintiff-Appellant,
v.
DIRECTOR, DIVISION OF TAXATION, Defendant-Respondent.
DOCKET NO. A-4982-08T3.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 2010.
Decided March 16, 2010.
Robert J. Pansulla, Belleville, argued the cause for appellant (Gaccione, Pomaco & Malanga, attorneys; Mr. Pansulla, on the brief).
Heather Lynn Anderson, Deputy Attorney General, argued the cause for respondent (Paula T. Dow, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Ms. Anderson, on the brief).
Before Judges REISNER, YANNOTTI and CHAMBERS.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Plaintiff Estate of Frank J. Ehringer appeals from a judgment entered by the Tax Court on April 30, 2009, affirming a determination by defendant, Director of the New Jersey Division of Taxation, denying plaintiff's claim for a refund of taxes paid pursuant to the New Jersey Estate Tax, N.J.S.A. 54:38-1 to -16. We affirm.
The following facts are pertinent to our decision. Frank J. Ehringer died testate on May 21, 2003. The Division extended the time within which plaintiff could file the estate tax return until June 21, 2004. On February 22, 2004, plaintiff paid estate taxes in the amount of $128,000. In December 2004, plaintiff wrote to the Division and advised that it could not file the return because there was ongoing litigation between the estate's beneficiaries. In August 2005, plaintiff wrote to the Division and reiterated that it was unable to file the return due to the ongoing litigation.
However, in November 2005, plaintiff wrote to the Division and stated that the return could "now be prepared." Plaintiff filed the return on February 9, 2006, and sought a refund of taxes in the amount of $34,405. In July 2006, the Division issued a notice of assessment, which stated, among other things, that plaintiff was entitled to a refund in the amount of $32,419.66. The Division issued the refund on July 17, 2006.
In January 2008, plaintiff wrote to the Division and stated that, as a result of an audit of plaintiff's federal estate tax return, it was filing an amended state tax return and seeking an additional refund of $29,303.04. On January 16, 2008, the Division issued a notice of assessment stating *679 that an additional refund would not be granted.
On March 3, 2008, plaintiff filed a protest, arguing that denial of the claim was inequitable because the refund related to additional costs incurred in the litigation concerning the estate, which had taken four years to complete. Plaintiff asserted that those additional litigation costs could not be reasonably estimated within the three years required for a refund claim.
On May 7, 2008, the Division issued a final determination in the matter. The Division granted plaintiff a refund in the amount of $1,985.34, which was the balance remaining of the refund sought when the original return was filed. The Division denied a refund in the amount of $27,317.70, because plaintiff had not filed its refund claim for those taxes within three years of payment, as required by N.J.S.A. 54:38-3.
Thereafter, plaintiff filed an action in the Tax Court seeking reversal of the Director's final determination. Plaintiff maintained that the Director erred by denying its refund claim, arguing that the statute of limitations for refund claims should be tolled due to factors that were outside plaintiff's control. Plaintiff asserted that "[d]ue to ongoing litigation over estate assets, as well as lengthy delays on the part of the federal government in resolving federal tax issues, [plaintiff's] ability. . . to contest the overpayment of NJ State tax was seriously hampered."
After the completion of discovery, the parties filed cross-motions for summary judgment. Judge Patrick DeAlmeida filed a written opinion in which he concluded that there were no genuine issues of material fact and the Director was entitled to judgment as a matter of law. Judge DeAlmeida found that the Director's decision was correct because plaintiff's refund claim was not filed within the time required by N.J.S.A. 54:38-3, and the statute of limitations was not equitably tolled under the circumstances. This appeal followed.
Plaintiff argues that the Tax Court erred because the Division had sufficient notice that an amended return would be filed with a claim for a refund of the taxes at issue here. Plaintiff contends that, under the circumstances, it was not required to take any further steps to preserve its right to a refund. Plaintiff further argues that the Tax Court's decision is erroneous because the statute of limitations for refund claims should be equitably tolled.
We are convinced that these contentions are entirely without merit. Therefore, we affirm the Tax Court's judgment substantially for the reasons stated by Judge DeAlmeida in his written opinion, which is reported at 24 N.J.Tax 599 (2009).
Affirmed.